IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-CR-30151-SPM |
| | ) | |
| KORY R. SCHULEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR ENTRY OF**
**<u>PROTECTIVE ORDER REGULATING DISCOVERY</u>**

The United States of America, by and through its undersigned attorneys, hereby moves for entry of a protective order regulating discovery in this case.

**I.      Background**

Defendant Kory R. Schulein ("Defendant") was charged by indictment on October 21, 2020, with one count of knowingly receiving child pornography by computer in violation of 18 U.S.C. § 2252A(a)(2)(A).  The investigation of the Defendant involved the Defendant's use of websites dedicated to child pornography.  Other users of those websites are subject to ongoing investigation.

**II.     Basis for Motion**

Federal Rule of Criminal Procedure 16(d)(1) grants district courts the authority to enter protective orders regulating discovery.  Rule 16 discovery materials that the Government intends to produce include law enforcement sensitive items related to the ongoing investigation of investigative targets suspected of engaging in online child sexual exploitation.  Any further dissemination of the Government's investigative materials, including search warrant affidavits,

reports of investigation, witness statements, court orders, and seized electronic data, and the information contained therein, could seriously jeopardize those continuing investigations.

Additionally, discovery materials that the Government intends to produce include information concerning numerous child victims, including information that may identify the victims. Pursuant to 18 U.S.C. § 3509(d), the government, defense counsel and the defendant, and employees of the court must "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access" and "disclose [such] documents . . . or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1); *see also id.* at § 3509(d)(2) (prohibiting public disclosure of protected information); *id.* at § 3509(d)(3) (providing for a protective order to "protect the privacy of the child"); s*ee generally* 18 U.S.C. § 3771(a)(8) (providing that all crime victims have the right to be treated with "respect for the victim's dignity and privacy").

### III.    Requested Order

The Government requests that the Court enter a discovery protective order with the following provisions:

- The defense may not disseminate any discovery items to anyone other than defense counsel and other members of the Defendant's litigation and investigative team. Defense counsel and the Defendant's litigation team may show and display materials produced in discovery to the Defendant, but may not provide a copy of materials produced in discovery to the Defendant or third parties to keep and maintain in their possession.

- Any materials produced in discovery, or information contained therein, that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The

parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

- A willful violation of any term or condition of the proposed Order may be sanctioned by contempt of court and/or may result in monetary or other sanctions as deemed appropriate by this Court.

On November 6, 2020, counsel for the Defendant informed counsel for the Government that the defense has no objection to this Order.  For the above reasons, and for good cause shown, the United States respectfully moves this Court to enter the proposed Protective Order regulating discovery.

Date: Nov. 6, 2020                                                  Respectfully submitted,

                                                                    STEVEN D. WEINHOEFT
                                                                    UNITED STATES ATTORNEY

                                                                     s/ Nathan D. Stump
                                                                    NATHAN D. STUMP
                                                                    Assistant United States Attorney
                                                                    Nine Executive Drive
                                                                    Fairview Heights, IL  62208
                                                                    Nathan.Stump@usdoj.gov
                                                                    (618) 628-3700
                                                                    Fax:  (618) 628-3720

                                                                    JESSICA L. URBAN
                                                                    Trial Attorney
                                                                    U.S. Department of Justice
                                                                    Child Exploitation and Obscenity Section
                                                                    1301 New York Avenue NW
                                                                    Washington, DC 20005
                                                                    Jessica.Urban@usdoj.gov
                                                                    (202) 353-4146
                                                                    Fax: (202) 514-1793