IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KORY R. SCHULEIN,<br><br>    Defendant. | Case No. 20-CR-30151-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a motion by the United States seeking a protective order requiring (1) defense counsel not disseminate any discovery items to anyone other than defense counsel and other members of the defendant's litigation and investigation team; (2) any materials produced in discovery, or information contained therein, that are filed with the court for any reason, shall be filed under seal and shall remain under seal unless otherwise ordered by this Court; and, (3) any willful violation of any term or condition of this Order may be sanctioned by contempt of court and/or may result in monetary of other sanctions, as deemed appropriate by this Court. (Doc. 14). Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the court may, upon a showing of good cause, enter protective orders that deny, restrict, or defer discovery disclosures.

Here, the United States indicates a protective order is necessary because the discovery materials the Government intends to produce include law enforcement sensitive items related to the ongoing investigation of investigative targets suspected

of engaging in online child sexual exploitation, and any further dissemination could seriously jeopardize continuing investigations. Further, discovery materials that the Government intends to produce include information concerning numerous child victims, including information that may identify them. *See* 18 U.S.C. § 3509(d) and 18 U.S.C. §3771(a)(8).

The Court, finding good cause has been established, hereby **GRANTS** the Motion and **ORDERS** as follows:

1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced by the Government in discovery in the above-captioned case.

2. The United States will make available copies of the discovery materials, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the "defense team").

3. The attorneys of record and members of the defense team may display and review the discovery materials with the Defendant. The attorneys of record and members of the defense team may not distribute any of the discovery materials, or any copies, to the Defendant or any other person.

4. Nothing in this order should be construed as imposing any discovery obligations on the Government or the Defendant that are different from

those imposed by law, Rule 16 of the Federal Rules of Criminal Procedure, or the local rules of this district.

5. Any discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. Any willful violation of any term or condition of this Order may result in a finding of contempt of court and/or monetary or other sanctions as deemed appropriate by this Court.

**IT IS SO ORDERED.**

DATED:   November 9, 2020

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**