IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-CR-30151-SPM |
| | ) | |
| KORY R. SCHULEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S UNOPPOSED MOTION TO TOLL THE SPEEDY TRIAL CLOCK</u>**

Based on a motion filed by the defendant, the Court recently continued this case from its original December 15, 2020 setting. *See* Doc. 21. The United States now moves for entry of an order finding that the ends of justice served by the requested continuance clearly outweigh the interests of the public and the defendant in a speedy trial, so as to toll the "clock" under the Speedy Trial Act, 18 U.S.C. 3161(h). Defense counsel was consulted and does not oppose this motion.

**I.    Background**

Defendant Kory R. Schulein was indicted on October 21, 2020, and charged with knowingly receiving child pornography by computer in violation of 18 U.S.C. § 2252A(a)(2)(A). Doc. 1. At Mr. Schulein's November 2 arraignment, the Court appointed the federal public defender to represent him. Doc. 8. Trial was set for December 15, 2020. *See* Doc. 6.

On November 24, Sarah Sherer-Kohlburn entered her appearance as counsel for Mr. Schulein. Doc. 17. The Court subsequently granted the assistant federal defender's motion to withdraw. Doc. 19.

On December 3, Ms. Sherer-Kohlburn filed a motion to continue the trial on behalf of Mr. Schulein. Doc. 20. In her motion, she explained that she recently joined the case and so had "not

had adequate time to prepare for a trial on the merits on December 15, 2020." *Id.* She further explained that she is still in the process of receiving and reviewing the discovery. *Id.* Defense counsel also notified the Court that the parties are in the preliminary stages of plea negotiations. *See id.* For these reasons, she requested a continuance of at least 30 days. The United States did not oppose the motion.

On December 7, the Court entered a docket order granting the motion to continue:

> ORDER granting [20] Motion to Continue filed by Sarah Sherer-Kohlburn and Sherer Law Office as to Kory R. Schulein. The Final Pre-Trial Conference scheduled for December 8, 2020 and Jury Trial scheduled for December 15, 2020 are hereby CONTINUED AND VACATED and will be rescheduled by separate notice. Signed by Judge Stephen P. McGlynn on 12/7/2020. (jce) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

Neither the defendant's motion nor the Court's order addressed the Speedy Trial Act.

**II.    Basis for Motion**

The Speedy Trial Act requires the trial of a criminal defendant to commence within 70 days of his initial appearance. *See* 18 U.S.C. § 3161(c)(1). This 70-day clock can be tolled by, among other things, a motion to continue filed by the defendant, but only if the court in granting the motion finds that "the ends of justice served by [the requested continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The resulting period of delay is not excludable under the Act unless the court sets forth in the record of the case (either orally or in writing) its reasons for making that finding. *See id.*

Among the factors courts can consider when determining if a continuance is appropriate is whether the failure to grant the motion "would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). "It is the responsibility of not only the district court, but also the

government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

Given that (1) defense counsel entered her appearance just two weeks ago and has not yet had a chance to review the discovery; and (2) this is the first continuance granted in the case, the United States believes an "ends of justice" finding is appropriate. For the above reasons, and for good cause shown, the United States respectfully moves this Court to enter a written order on the docket setting a new trial date and finding that the delay associated with the continuance is excludable time under the Speedy Trial Act, based upon defense counsel's need for additional time to prepare for trial. In so doing, the Court should find that the ends of justice served by the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

Date: Dec. 9, 2020

Respectfully submitted,

STEVEN D. WEINHOEFT
UNITED STATES ATTORNEY

 *s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Nathan.Stump@usdoj.gov
(618) 628-3700
Fax:  (618) 628-3720

JESSICA L. URBAN
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue NW
Washington, DC 20005
Jessica.Urban@usdoj.gov
(202) 353-4146
Fax: (202) 514-1793