IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:20-cr-30151-SPM |
| | ) |
| KORY R. SCHULEIN, | ) |
| | ) |
| Defendant | ) |

### NOTICE OF MANDATORY DETENTION PENDING SENTENCING

The United States of America files this Notice to advise the Court that, upon the defendant's conviction of the crime with which he has been charged, federal law will likely require that he be remanded to the custody of the United States Marshals pending his sentencing hearing. The defendant, through counsel, has indicated he will not contest his detention after his change of plea hearing.

Title 18, United States Code, Section 3143(a) governs the release or detention of a convicted defendant pending sentencing. Paragraph (2) provides in relevant part:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

In this case, after he is convicted of the charge pending against him in the indictment, the defendant will fall under the umbrella of this statute. That is because the charge – knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) – is a felony child pornography offense listed in Chapter 110 of the criminal code. For purposes of Sections 3141 through 3150, all felony offenses listed in Chapter 110 are considered "crimes of violence." *See* 18 U.S.C. § 3156(a)(4)(C) (defining the term "crime of violence" to include "any felony under chapter ... 110"). The clear language of Section 3143(a)(2) applies to any person who has been convicted of an offense listed in Section 3142(f)(1)(A), which includes "a crime of violence." *See* 18 U.S.C. § 3142(f)(1)(A); *see also generally United States v. Sharp*, 517 F. Supp. 2d 462, 463 (D.D.C. 2007) (applying the same analysis to Chapter 110 felony convictions).

The law provides three possible exceptions to the application of Section 3143(a)(2), and none of them are likely to apply. First, the Court could find a substantial likelihood that a motion for acquittal or new trial would be granted. *See* 18 U.S.C. § 3143(a)(2)(A)(i). Second, the undersigned attorney for the Government could recommend that no sentence of imprisonment be imposed. *See* 18 U.S.C. § 3143(a)(2)(A)(ii). Barring either event, the Court would be required to detain the defendant until his sentencing unless the third exception applied – that is, that the defendant could clearly show that there are "exceptional reasons why [his] detention would not be appropriate." *See* 18 U.S.C. § 3145(c); *see also generally United States v. Herrera-Soto*, 961 F.2d 645 (7th Cir. 1992).

The Seventh Circuit has instructed—or has at least implied—that "exceptional reasons" must present a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Young*, No. 2:18-CR-21-2-TLS-APR, 2020 U.S. Dist. LEXIS 76573, at *7 (N.D. Ind. Apr. 30, 2020) (quoting *Herrera-Soto*, 961 F.2d at 647); *accord United States v.*

*DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see also United States v. Briggs*, No. 08-215 (CKK), 2008 U.S. Dist. LEXIS 72012, *5 (D.D.C. Sept. 22, 2008) (unpub.) (construing exceptional reasons to mean circumstances "clearly out of the ordinary, uncommon, or rare") (citing *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993); *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998) (holding that a defendant must show something more than a low likelihood of flight or danger to others)).

In *United States v. Fussell*, No. 5:08-cr-5-Oc-19GRJ, 2008 U.S. Dist. LEXIS 96210 (M.D. Fla. Nov. 14, 2008) (unpub.), the district court was presented with a defendant convicted of drug charges but acquitted on a related gun charge. The defendant's attorney proposed several "exceptional reasons" for his client's release pending sentencing, all of which were enumerated by the district court:

> Defendant has no significant criminal history prior to this case, Defendant was gainfully employed at all times when he was not incarcerated prior to trial, Defendant was arrested on state charges and released from the Sumter County Jail after posting a surety bond, Defendant cooperated with federal agents prior to his federal indictment, Defendant voluntar[il]y surrendered to federal agents upon learning of the federal warrant issued for his arrest based on the federal indictment, the U.S. Magistrate Judge authorized his pretrial release on special conditions, Defendant satisfactorily complied with his conditions of release and participated in "two additional Rule 11 Proffers" with federal officials, Defendant's assistance prior to trial has been "fully accurate, helpful, and complete," Defendant would have pled guilty if the Government dismissed the firearms charge, reversal of this Court's denial of his Motion to Suppress would result in a reversal of his conviction and would require at least a new trial, and Defendant's parents are each approximately 80 years of age.

Fussell, 2008 U.S. Dist. LEXIS 96210, at *19-20. Nevertheless, the court concluded that none of those reasons were sufficiently "exceptional" and ordered the defendant detained. *Id.* at *22

3

("Defendant has not clearly shown that there are exceptional reasons why his detention would not be appropriate, and release would therefore be inappropriate under 18 U.S.C. § 3145(c).").

The United States is not aware of any exceptional reasons why detention would not be appropriate for Mr. Schulein.  *See generally Young*, 2020 U.S. Dist. LEXIS 76573 (finding that generalized risks associated with the COVID-19 pandemic did not provide an exceptional reason that would make the defendant's detention inappropriate); *see also, e.g.*, *United States v. Kerr*, No. 19-cr-296, 2020 U.S. Dist. LEXIS 55566 (N.D. Tex. March 31, 2020) (denying release to fifty-year-old defendant who pled guilty to receipt of child pornography and who argued that the risk that COVID-19 would reach his facility created exceptional circumstances justifying his release); *cf. United States v. Peel*, No. 06-CR-30049-WDS, 2007 U.S. Dist. LEXIS 24666, at *11 (S.D. Ill. Apr. 3, 2007) (finding that child pornography defendant had failed to show exceptional circumstances that would warrant his release pending sentencing).

In connection with his agreement to plead guilty in this case, Mr. Schulein has indicated through counsel that he does not intend to contest his detention after tomorrow's hearing.

Respectfully submitted this the 27th day of April, 2021.

> STEVEN D. WEINHOEFT
> United States Attorney
>
> *s/ Nathan D. Stump*
> NATHAN D. STUMP
> Assistant United States Attorney
> 9 Executive Drive
> Fairview Heights, Illinois 62208
> Tel: (618) 628-3700
> Fax: (618) 628-3720
> Email: nathan.stump@usdoj.gov