IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:20-cr-30151-SPM |
| | ) | |
| KORY R. SCHULEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorneys for the United States and the attorney for the Defendant have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The terms are as follows:

### I. Charges, Penalties, and Elements

1. Defendant understands the charges contained in the indictment and will plead guilty to Count 1. Defendant understands the essential elements of these counts and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Knowingly Receiving Child Pornography<br><br>18 U.S.C. § 2252A(a)(2) | **Imprisonment:** NLT 5Y, NMT 20Y<br>**Fine:** NMT $250k<br>**Sup. Release:** NLT 5Y, NMT Life<br>**Special Assessment:** NMT $35,000<br>**Restitution to Victims** | 1. The Defendant knowingly received the material identified in the indictment; and<br>2. The material depicted a minor engaging in sexually explicit conduct; and<br>3. The Defendant knew that the material depicted a minor engaging in sexually explicit conduct; and<br>4. The material was transported in or affecting interstate or foreign commerce using a means or facility of interstate commerce, including by computer. |

Defendant agrees that he committed acts satisfying each of the essential elements listed above.

2.      Federal law requires the Court to impose a $100 "special assessment" per felony count (18 U.S.C. § 3013), a $5,000 assessment for non-indigent defendants convicted of a child pornography offense under Chapter 110 (18 U.S.C. § 3014), and an additional assessment not to exceed $35,000 for the Defendant's conviction for trafficking in child pornography (18 U.S.C. § 2259A(a)(2)). Defendant understands that these assessments are mandatory and will be due immediately at the time of sentencing.

3.      Defendant understands that the United States may recommend, and the Court may also impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

4.      Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the U.S. Attorney's Office, and Defendant waives any rights he may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the U.S. Attorney's Office. Defendant also expressly authorizes the U.S. Attorney's Office to obtain his credit report on or after the date of this agreement.

## II. Restitution

1.      Defendant understands that any victims who have suffered an identifiable financial loss as a result of Defendant's offense are entitled to receive at least $3,000 each in restitution for their losses, as required by Title 18, United States Code, Section 2259. The Defendant and the Government further agree that under Title 18, United States Code, Section 2259, restitution is mandatory in this case.

2. The Defendant stipulates and agrees with the Government that:

   a. included in the child pornography he knowingly received were images and/or videos depicting the following victims being sexually abused as children:

      i. "Maureen" [Lighthouse1 series] – one image;
      ii. "Andy" [SpongeB series] – one video;
      iii. "Violet" [AtSchool series] – three images;
      iv. "Sarah" [Marineland1 series] – one image; and
      v. "Lily" [Vicky series] – 25 images and videos.

   b. the victims' knowledge that images of their abuse are being received and possessed by others, including the Defendant, has caused them to be re-victimized, resulting in harm that is separate and distinct from the actual physical abuse they suffered;

   c. the victims listed above were proximately harmed as a result of the criminal conduct engaged in by the Defendant; and

   d. the victims are entitled by law to restitution from the Defendant for, among other things, costs associated with current and future mental health treatment.

3. The undersigned attorney for the Defendant has negotiated directly with attorneys representing the following victims, and as a result of those negotiations, and as part of his guilty plea in this case, Defendant agrees to pay restitution in the following amounts:

   a. $3,000 to "Maureen" [Lighthouse1 series victim];
   b. $3,000 to "Andy" [SpongeB series victim];
   c. $2,000 to "Violet" [AtSchool series victim];
   d. $2,000 to "Sarah" [Marineland1 series victim]; and
   e. $2,000 to "Lily" [Vicky series victim].

4. All restitution payments shall be in the form of a cashier's check or other form acceptable to and payable to "Clerk, U.S. District Court" and shall be submitted to the Clerk of Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62201.

5.  Defendant understands that there were other identified victims of his offense who may also be entitled to restitution in this case, and those victims may also seek to be included in the Court's restitution order at sentencing.

6.  If restitution has not been paid in full on or before the date of sentencing, the Defendant will continue to make payments while incarcerated. Upon his release from custody, any remaining balance shall be paid during the Defendant's term of supervised release at a rate of no less than $50.00 per month. Failure to pay restitution in accordance with this Agreement will be deemed a violation of supervised release.

### III. Advisory Sentencing Guidelines

1.  Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

    (i)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (ii)  the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (iii) the kinds of sentences available;

    (iv)  the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (v)   the need to provide restitution to any victim of the offense.

2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the U.S. Sentencing Guidelines range set forth in this Plea Agreement or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement, so long as it is between the minimum sentence (5 years imprisonment) up to the statutory maximum sentence (20 years imprisonment). If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw his guilty plea.

3. The United States and the Defendant submit that, after all factors have been considered, Defendant will have the following advisory U.S. Sentencing Guideline range:

> Offense Level: 34
> Criminal History Category: I
> Imprisonment range: 151 to 188 months
> Fine range: $35,000-$250,000.

4. The United States and the Defendant anticipate that the applicable advisory Guideline calculation is as follows, and that no other provisions apply:

| Guideline Section | Description | Level |
|---|---|---|
| §2G2.2(a)(2) | Base Offense Level | 22 |
| §2G2.2(b)(2) | Prepubescent Minor | +2 |
| §2G2.2(b)(3)(F) | Distribution (other) | +2 |
| §2G2.2(b)(4) | Sadistic Images | +4 |
| §2G2.2(b)(6) | Use of a Computer | +2 |
| §2G2.2(b)(7)(D) | More than 600 Images | +5 |
| §3E1.1 | Acceptance of Responsibility | (-3) |
| | **TOTAL OFFENSE LEVEL:** | 34 |

5. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and the Government will recommend a reduction of **2** Levels. *See* U.S.S.G. § 3E1.1. The parties also agree that the Defendant qualifies for an additional **1** Level reduction by timely notifying authorities of an intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, a reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying, or frivolously contesting, relevant conduct or committing any acts constituting obstruction of justice.

6. The parties submit that it appears Defendant has amassed **(0) Criminal History points** and that, therefore, the Sentencing Guideline **Criminal History Category is I**. The parties acknowledge that Defendant is in the best position to know if his criminal history information is correct and complete. If it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted. Regardless of the criminal history found by the Court, the parties will not be able to withdraw from this Plea Agreement and Defendant will not be able to withdraw his guilty plea.

7. The parties reserve the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category, which may be different from the calculations set forth in this Plea Agreement.

## IV. <u>Sentencing Recommendation</u>

1.      The United States agrees to recommend a sentence of imprisonment at the low end of the Guidelines, as ultimately determined by the Court. In consideration of the Defendant's restitution obligations, the United States further agrees to recommend that no fine be imposed. The United States also agrees to recommend that the total assessed by the Court pursuant to 18 U.S.C. § 2259A(a)(2) not exceed $500.

## V. <u>Limitation of Plea Agreement & Breach of the Agreement</u>

1.      All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements make up the entire agreement between the United States and Defendant and supersede any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2.      The United States will file a sealed supplement to this Plea Agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3.      Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4. If the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his guilty plea.

5. Defendant agrees that in the event he materially breaches this Plea Agreement, or he is permitted to withdraw his guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## VI. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant fully understands that, as a result of the guilty plea,

no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. **Detention Pending Sentencing:** Defendant acknowledges that under the Bail Reform Act, knowingly receiving child pornography constitutes a "crime of violence" as described in Title 18, United States Code, Section 3142(f). *See* 18 U.S.C. § 3156(a)(4)(C). Section 3143(a)(2) requires that upon a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, unless the Court finds that there are "exceptional reasons" why his detention would not be appropriate. *See* 18 U.S.C. § 3145(c). The United States and the Defendant agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

4. Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial.

5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through

appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: (1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and (2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

    6. **Exceptions to the waiver of the right to appeal or bring a collateral attack:**

        a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

        b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel. The United States reserves the right to oppose any such claim for relief.

The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

7. Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having a court declare that Defendant has materially breached this Plea Agreement.

8. Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

9. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States, or unit of state government, any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a, or the Illinois Freedom of Information Act (5 ILCS 140) or the Illinois Open Meetings Act (5 ILCS 120).

10. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

11. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VII. <u>Agreement to Forfeit Assets</u>

1. The Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property which constitute proceeds or property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense described in Count 1 of the Indictment. The items of property to be forfeited consist of the following:

- A Silver/Gold HP Pavilion laptop computer, model 3165NGW, SN: 5CD6381N1W (1B9);
- A 1TB Black Seagate external hard drive, SN: NA98ETHD (1B2); and
- A 2TB Black Seagate external hard drive, SN: NA9805ZR labeled "Backup" (1B5).

2. All assets to be forfeited include any and all material that contained images of child pornography and any and all property used and intended to be used in any manner or part to commit and to promote the commission of the aforementioned offenses.

3. The United States may abandon forfeiture of any of the items by filing notice of same with the Court. The Defendant further agrees that the United States may destroy the computer and hard drives listed above at any time, without further notice, without completing the forfeiture process, and without any obligation to compensate the Defendant for the destruction of said items.

4. The Defendant agrees to forfeit all interests in the property as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The Defendant further authorizes his undersigned counsel to

execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

5.  The Defendant agrees to consent to any civil or administrative forfeiture brought against the property described above pursuant to 21 U.S.C. § 881. The Defendant further waives service of process or notice in any such civil or administrative proceeding and agrees that an order for forfeiture may be entered in said civil or administrative proceeding without further notice or hearing.

6.  If requested by the Government, all steps necessary to locate property and to pass title to the United States shall be completed before the Defendant's sentencing. The Defendant agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

7.  <u>Waiver of rights</u>. The Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

    a.  Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

    b.  Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution,

imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

c. Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this Plea Agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

## VIII. Collateral Consequences of Conviction

1. Defendant understands that he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of offenses are removable offenses. If the Defendant is not a United States citizen, conviction may result in the Defendant being removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding. Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect the

guilty plea will have on the Defendant's immigration status. Defendant is nevertheless willing to plead guilty regardless of any immigration consequences that may occur, even if the consequence is Defendant's automatic removal from the United States.

3. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, and shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or other relevant information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

4. Defendant acknowledges that other collateral consequences are possible.

## IX.    Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses, and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of his questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

2. By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands their meaning and effect.

X.

No additional matters are in dispute.

FOR THE UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*Alicia Bove /NDS*
Alicia Bove (with consent)
Trial Attorney
U.S. Dept. of Justice, Criminal Division

*Nathan D. Stump*
Nathan D. Stump
Assistant United States Attorney
Southern District of Illinois

FOR THE DEFENDANT, KORY R. SCHULEIN

Sarah Sherer-Kohlburn
Attorney for Defendant

Kory R. Schulein
Defendant